IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROSEMARY M. COMYFORD,

      Plaintiff,

vs.                                                                  CIV. NO. 09-303 JB/WDS

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

      Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** came before the Court upon Plaintiff's Motion to Reverse or Remand Administrative Agency Decision. Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security who determined that Plaintiff was not eligible for widow's insurance benefits ("WIB") prior to April 2001. Having considered Plaintiff's Motion and Memorandum Brief [Doc. 17, 18], Defendant's Response [Doc. 19], Plaintiff's Reply [Doc. 20], the administrative record and applicable law, the Court recommends that Plaintiff's Motion be granted and that this matter be remanded to the Commissioner of Social Security for further proceedings consistent with these findings.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Rosemary M. Comyford, was born in 1921. Tr. 43. She is the unmarried widow of wage earner Bishop Comyford, who died fully insured in 1961. Tr. 43-49. Plaintiff filed an application for Social Security benefits in September 1983 when she was 62 years old. Tr. 146-47, 154. It is disputed whether she filed for retirement insurance benefits ("RIB") or both RIB and

widow's insurance benefits ("WIB").  Defendant claims that Plaintiff filed only for RIB, and Plaintiff alleges that she filed for both.  Plaintiff's 1983 application is unavailable because it was purged from agency records after ten years. Tr. 80.  It appears undisputed, however, that Plaintiff discussed both benefits with the Social Security Administration and selected RIB over WIB because she was told that she would receive more money per month by doing so.  Plaintiff initially received $294.00 per month as retirement benefits.  She questioned that amount, believing it to be too low, but was informed that she was receiving the highest rate of retirement insurance benefits based on her date of birth, her past earnings, and her month of entitlement.  Tr. 76.

In October 2001, the agency contacted thousands of widows, including Plaintiff, and informed them of their eligibility for WIB. Tr. 53-54.  On October 29, 2001, Plaintiff protectively filed for WIB. Tr. 42-45.  On November 24, 2001, the agency granted Plaintiff WIB of $207.70 per month in addition to her RIB, which by November 2001 had increased to $538.90 per month[1]. Tr. 46-48.  Plaintiff's WIB award was retroactive to April 2001. Tr. 46-49.  Plaintiff requested reconsideration of the effective date of the WIB claiming, *inter alia*, that when she first applied for benefits, the Social Security office mistakenly informed her that she could get a larger monthly benefit by collecting RIB rather than by collecting WIB. Tr. 51-52.  Plaintiff's request for reconsideration was denied, and she requested a hearing before an ALJ. Tr. 53-56.

At Plaintiff's initial administrative hearing in February 2003, Plaintiff testified that she recalled applying for both RIB and WIB in 1983. Tr. 140-42.  Her attorney summarized her claim

---

[1] Social Security regulations provide that if an applicant's WIB entitlement exceeds her RIB entitlement and she applies for WIB, she receives her RIB plus the extra amount of WIB.  In this case it appears that Plaintiff's RIB equalled $538.90 in 2001 and her WIB entitlement was $746.60.  Her 2001 award of WIB benefits in the amount of 207.70 makes up the difference between these two numbers.  Conversely, if an applicant's WIB is smaller than her RIB, and she applies for WIB, she will only get the smaller amount of WIB.

by stating that in 1983 it was discussed that Plaintiff would receive more benefits under RIB.  Tr. 146-147.  Following this hearing, the ALJ issued an unfavorable decision in February 2004, finding that there was insufficient evidence to support Plaintiff's contention that she was entitled to receive retroactive WIB prior to April 2001.  Tr. 81-86.

In April 2004, as part of Plaintiff's request for review to the Appeals Council, Plaintiff completed and submitted a worksheet from SSA's Program Operations Manual System (POMS) RS 00615.322, "Worksheet for Computation of WIB Benefits after 12/72."  Tr. 121.  Plaintiff contends that the worksheet calculations demonstrate that at the time of her initial month of entitlement, November 1983, her WIB were in fact $51.32 higher than her RIB benefits.  Tr. 118-122.

The Appeals Council subsequently remanded Plaintiff's case for a new hearing directing the ALJ to consider whether "a deemed filing date in September 1983 or October 1986 (age 65) may be established for the claimant based on misinformation provided by the Social Security Administration…"  Tr. 94.  The Appeals Council tasked the ALJ with obtaining "a statement from a supervisor or manager of the [Albuquerque, NM] Social Security office where claimant applied in 1983 as to the procedure followed at that time in dual entitlement cases…and the likelihood that such procedure was not followed in that office."  Tr. 94.

Plaintiff's second hearing was held on October 20, 2005. Tr. 150-171.  On November 17, 2005, Plaintiff received notice that new evidence had been admitted into the record, which consisted of Program Operation Manual System (POMS) transmittals cover sheets that were in effect when Plaintiff applied for benefits in September 1983.  Tr. 106-107; 97-105.  These transmittal cover sheets explain changes to the application processing instructions in cases where individuals apply for "reduced" benefits and are eligible for more than one type of benefit in the initial month of entitlement.  Tr. 97-11, 105.  POMS No. 9 dated April 1983 discussed a chart interviewers can use

in situation where a widower's initial month of entitlement to their own RIB exceeds the primary insurance amount on which WIB is based. Tr. 100. POMS No. 3 dated August 11, 1982 provides that the claimant must consider the various factors in choosing one type of benefit over another. Tr. 98-99. The Operations Supervisor at the Albuquerque Social Security Office stated that the likelihood that agency employees did not follow these procedures was "minimal." Tr. 97.

On May 15, 2006, the ALJ issued an unfavorable decision, and the Appeals subsequently denied Plaintiff's request for review. Tr. 13-37, 7-10.

## SUMMARY OF THE MAY 15, 2006 DECISION

In determining that Plaintiff was not entitled to WIB prior to April 2001, the ALJ found, *inter alia*, that (1) the claimant filed an application for RIB in September 1983 and for WIB in October 2001; (2) no basis exists to find that the claimant filed a deemed application for WIB before October 2001; (3) no basis exists to find that the claimant failed to file an application for WIB before 2001 due to misinformation provided by a Social Security Administration employee; and (4) no basis exists to find the claimant is entitled to WIB in any month prior to April 2001.

In making these findings, the ALJ determined, *inter alia*, that at the time of the September 1983 application, Plaintiff filed an application for RIB but not for WIB. The ALJ stated that it was uncontroverted that Plaintiff's monthly RIB was higher than her WIB in September 1983. Although Plaintiff was eligible for both RIB and WIB in 1983, the ALJ noted that Plaintiff wanted the higher benefit, as evidenced by her appeal of the amount awarded to her, and Plaintiff made the choice to apply for RIB because it would give her the higher amount. The ALJ further determined that Plaintiff's application for RIB was not an application for WIB because it was not an application for all SSA benefits to which she was entitled under SSR 71-52. Based on the above findings, the ALJ decided that Plaintiff was not eligible for WIB prior to April 2001 because her selection of RIB in

1983 was not the result of misinformation supplied to her .

Plaintiff alleges the following errors:  (1) the ALJ's finding that Plaintiff did not file a WIB application in September 1983 is not supported by substantial evidence; (2) the 1983 WIB application remains open and unadjudicated; (3) the ALJ's finding that Plaintiff's RIB exceeded her WIB in September 1983 is not supported by substantial evidence; (4) the 1983 WIB should be reopened and reviewed based on clerical error or error that appears on the face of the evidence; and (5) the ALJ's finding that Plaintiff's failure to file a WIB application until 2001 was not based on misinformation is not supported by substantial evidence.

## STANDARD OF REVIEW

This Court may only review the Commissioner's decision to determine whether it is supported by substantial evidence and whether correct legal standards were applied. *Langley v. Barnhart,* 373 F.3d 1116, 1118 (10th Cir. 2004).  In determining whether the Commissioner's findings are supported by substantial evidence, the Court should not re-weigh the evidence, nor should it substitute its judgment for that of the Commissioner. *Id.* Instead, the Court should meticulously examine the record to determine whether the Commissioner's decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Williams v. Bowen,* 844 F.2d 748, 750 (10th Cir. 1988).  The "substantial evidence" standard is satisfied by more than a scintilla, but less than a preponderance, of evidence.  *Id.*  However, evidence is not substantial if it is overwhelmed by other evidence or if it constitutes a mere conclusion. *Ray v. Bowen,* 865 F.2d 222, 224 (10th Cir. 1989).

**DISCUSSION**

1. <u>Was the ALJ's Finding That Plaintiff's RIB Exceeded Her WIB in September 1983 Supported by Substantial Evidence.</u>

The ALJ's decision that Plaintiff is not entitled to WIB prior to April 2001 primarily hinges on the ALJ's belief that Plaintiff's RIB entitlement in 1983 was higher than her WIB entitlement at that time, and that Plaintiff chose RIB over WIB in 1983 because she wanted to receive the higher amount. The ALJ stated that "…given her 1983 litigation concerning her benefit amount, that the Claimant desired the highest benefit amount to which she was entitled." Tr. 21. The ALJ went on to state that, "…the claimant chose to receive RIB in 1983 because it provided her with a higher monthly benefit than the WIB. It should be remembered that, at the time she filed her application in 1983, the claimant's RIB monthly benefit was higher than the monthly WIB she would have received." *Id.* Finally, the ALJ states that "[m]ore importantly, it is uncontroverted that at the time she filed her RIB application in September 1983, her RIB monthly benefit amount was actually higher than her WIB amount." Tr. 22.

This Court has reviewed the record carefully and has found no support for the ALJ's statement that at the time Plaintiff filed her benefit application in 1983, the amount she would have received under RIB was higher than the amount she would have received under WIB. Perhaps the ALJ independently confirmed that Plaintiff's RIB was higher than her WIB, but the record does not reflect such verification. The Court knows that Plaintiff was awarded $294.00 per month in RIB in 1983. The Court does not know what Plaintiff's WIB entitlement was in 1983.

Further, although the ALJ describes as "uncontroverted" the fact that Plaintiff's RIB was higher than her WIB in 1983, this Court finds otherwise. On April 14, 2004, Plaintiff submitted to the Appeals Council calculations that her attorney prepared which show that Plaintiff's WIB would

have been higher than her RIB in 1983.  Tr. 117-131.  These calculations were discussed at Plaintiff's October 20, 2005 hearing, and Plaintiff's counsel suggested to the ALJ that she have a Social Security employee review the calculations to determine their accuracy.  Tr. 155. The record does not indicate whether such a review ever occurred.

Social Security regulations provide that in any case in which an individual failed as of any date to apply for monthly insurance benefits by reason of misinformation provided by any SSA officer or employee after December 1982, the individual shall be "deemed" to have applied on the later of the date the misinformation was provided, or the date on which the individual met all requirements for entitlement to such benefits, other than filing an application for such benefits.  20 C.F.R. § 404.633(a), (b) and (g).  Misinformation is oral or written information that is "incorrect, misleading, or incomplete in view of the facts which you gave to the employee, or of which the employee was aware or should have been aware, regarding your particular circumstances" and provided "in response to a specific request by you to us for information about your eligibility for benefits."  Id., § 404.633(c)(2)-(4).

In view of the above regulations, the question of whether Plaintiff was erroneously told in 1983 that her RIB was greater than her WIB is significant, because the ALJ has acknowledged that Plaintiff elected to receive RIB because she was told that the RIB benefit was the larger of the two. If she was misinformed on that issue, and her WIB benefit was actually larger, she may be "deemed" to have applied for WIB on the later of the date the misinformation was provided, or the date on which the individual met all requirements for entitlement to such benefits, i.e., she would be entitled to the relief sought in this action.

An ALJ's decision should be evaluated solely on the reasons stated in the decision.  *See*

*Robinson v. Barnhart*, 366 F.3d 1078, 1084-85 (10th Cir. 2004). An ALJ's failure to "provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005)(quotation omitted). Furthermore, the ALJ is responsible to "ensure that an adequate record is developed during the disability hearing consistent with the issues raised." *Hawkins v. Chater*, 113 F.3d 1162 (10th Cir. 1997) (*citing Henrie v. United States Dep't of Health & Hum. Serv.*, 13 F.3d 359, 360-61 (10th Cir. 1993)); 20 C.F.R. § 404.944 (requiring the ALJ to "look fully into the issues") (citations omitted).

The Court has no way to verify whether or not Plaintiff was misinformed on this issue because the amount that Plaintiff could have received in 1983 under WIB is not in the ALJ's opinion and is not set forth in the administrative record. Accordingly, the Court does not know which benefit would have been larger. It is unclear to the Court whether the ALJ ascertained the amount of WIB which Plaintiff could have collected in 1983 or whether she verified or rebutted the WIB calculations submitted by Plaintiff. On remand, the Commissioner is directed to make the necessary calculations and make the information part of the administrative record. Additionally, the Commissioner seems to be suggesting that the amount due Plaintiff for WIB in 1983 was less than her RIB entitlement in 1983, but in 2001 her WIB payment was larger than her RIB entitlement. If this is true, the Commissioner shall provide information in the administrative record detailing the time frame and circumstance under which Plaintiff's WIB entitlement came to exceed her RIB entitlement.

2. Remaining issues alleged by Plaintiff.

Since the issue identified above is a threshold issue, the Court declines to address the other issues raised on appeal as they may be affected by the Commissioner's treatment of the case on remand. *See Robinson v. Barnhart,* 366 F.3d 1078, 1084 (10th Cir. 2004) (quotation omitted); *Lopez*

*v. Astrue,* 2010 WL 1172610 at *12 (10th Cir. (N.M.)).

## RECOMMENDED DISPOSITION

For the foregoing reasons, this Court recommends that Plaintiff's Motion to Reverse or Remand Administrative Agency Decision be granted and this matter be remanded to the Commissioner of Social Security for further proceedings consistent with these findings.

## NOTIFICATION

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN (14) DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen (14) day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

  
_____  
**W. DANIEL SCHNEIDER**  
**UNITED STATES MAGISTRATE JUDGE**